IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA ANDERSON,                         )
                                        )
              Plaintiff,                )    2:08-cv-01220-GEB-GGH
                                        )
         v.                             )    ORDER[*]
                                        )
COUNTRYWIDE FINANCIAL; WILSON           )
RESOURCES, INC.; TODD WILSON; DERI      )
ROSS,                                   )
                                        )
              Defendants.               )
_____)

          On May 21, 2009 Defendant Countrywide filed a motion for

judgment on the pleadings under Federal Rule of Civil Procedure

("Rule") 12(c).  Defendants Wilson Resources, Inc., Todd Wilson, and

Deri Ross have joined Countrywide's motion (all defendants are herein

referenced collectively as "Defendants").  Plaintiff opposes the

motion.

          Plaintiff alleges in her complaint two federal claims under

the Truth in Lending Act ("TILA") and one federal claim under the Real

Estate Settlement Procedures Act ("RESPA"), and several state claims.

Since Defendants' motion on the federal claims will be granted, the

_____

          [*]   This matter was determined to be suitable for decision without
oral argument.  E.D. Cal. R. 78-230(h).

                                    1

court will decline to continue exercising supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(3).

**STANDARD**

A motion for judgment on the pleadings and a motion to dismiss "are functionally identical, [thus] the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  When deciding "a Rule 12(c) motion for judgment on the pleadings," "all factual allegations in the complaint [are accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard,--- F.3d ---, 2009 WL 2871532, at *2 (9th Cir. September 9, 2009)(internal citations omitted). "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings." Butler v. Resurgence Financial, LLC, 521 F.Supp. 2d 1093, 1095 (C.D. Cal. 2007) (referencing In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming, 2009 WL 2871532, at *2.

Defendants' motion includes the request that judicial notice be taken of documents referenced in Plaintiff's complaint.  Plaintiff only opposes the portion of this request that seeks to have judicial notice taken of two signed Notices of Right to Cancel ("NRCs") that are different from the signed NRC attached as Exhibit C to Plaintiff's complaint.  Plaintiff's Exhibit C will be considered instead of the NRCs of which Defendants request judicial notice be taken.  However, the remainder of Defendants' judicial notice request is granted under

the "incorporation by reference" doctrine.   <u>No. 84 Employer-Teamster</u>
<u>Joint Council Pension Trust Fund v. Am. W. Holding Corp.</u>, 320 F.3d
920, 925 n. 2 (9th Cir. 2003); <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134
(11th Cir. 2002)(finding that "[t]he Rule 12(b)(6) incorporation by
reference doctrine should apply in Rule 12(c) cases as well.")  This
doctrine applies since "[P]laintiff's claim[s] depend[] on the
contents of [the loan] documents" discussed or referenced in her
complaint.  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005)
(internal quotations and citation omitted).  Therefore, these
documents may be treated as "part of the complaint, and thus [the
court may] assume that [their] contents are true." <u>United States v.</u>
<u>Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  Consequently, "the Court
need not accept as true allegations [in the complaint] that contradict
facts which [are] judicially noticed . . . [or] facts established by
exhibits attached to the complaint." <u>Westlands Water Dist. v. U.S.,</u>
<u>Dep't of Interior, Bureau of Reclamation</u>, 805 F.Supp. 1503, 1506 (E.D.
Cal. 1992) (internal citations and quotations omitted).

**BACKGROUND**

**I.  Plaintiff's Federal Claims**

Plaintiff seeks in her complaint rescission of a "consumer
credit transaction" (the "loan") which she entered with Wilson
Resources, Inc., a mortgage broker and lender, "on or about August 1,
2005." (Compl. ¶¶ 8, 15.)  Countrywide "holds and services the loan
. . . " (Compl. ¶ 11.) Real estate broker Todd Wilson and real estate
agent Deri Ross were involved with the loan.  (Compl. ¶¶ 9, 10.)

Plaintiff alleges Wilson Resources, Inc. violated TILA when
it failed to provide her with two signed copies of the NRCs. (Compl.
¶¶ 23, 34.)  Plaintiff alleges this failure serves as the basis for

extending the time period within which she has a right to rescind the loan under 15 U.S.C. § 1635(a) from three days to three years. (Compl. ¶¶ 17, 35.) Plaintiff alleges the NRC she received after consummation of the loan was not signed or initialed by her as required by TILA, and that she informed Defendant Countrywide of her decision to rescind the loan in a letter dated September 18, 2007. (Compl. ¶ 21, Ex. A.)  This letter and an unsigned NRC are attached as Exhibit A to Plaintiff's complaint. (Compl. ¶ 21, Ex. A.)  Plaintiff alleges Countrywide responded to her September 18 letter in a letter dated October 30, 2007, in which Countrywide included a copy of an NRC that Plaintiff signed, initialed, and modified; this NRC states the rescission date was within three days of the August 1, 2005 loan consummation date. (Compl. ¶ 23, Ex. C.)  This signed NRC is attached as Exhibit C to Plaintiff's complaint.

Plaintiff also alleges Wilson Resources, Inc., Todd Wilson, and Deri Ross failed to give her certain material disclosures required by TILA, and that this failure also entitles her to a three year rescission period. (Compl. ¶¶ 16, 17, 28.)  Plaintiff also alleges Wilson Resources, Inc. and Countrywide paid themselves undisclosed fees in violation of RESPA.  (Compl. ¶¶ 54-56.)

**DISCUSSION**

**I.  TILA**

Although Plaintiff has a TILA claim premised on Wilson Resources, Inc.'s failure to give her two signed NRCs for the loan, Exhibit C attached to Plaintiff's complaint is an NRC that Plaintiff signed and modified.  (Compl. ¶ 22.)  Underneath Plaintiff's signature in Exhibit C is the statement: "The undersigned acknowledges receipt

of two (2) copies of this Notice of Right to Cancel on 8-1-05."
(Compl. ¶ 23.)

Plaintiff's Exhibit C creates a rebuttable presumption under TILA that Plaintiff received two copies of the NRCs.  TILA provides: "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof."  15 U.S.C. § 1635(c).  "A disclosure statement's signed acknowledgment that plaintiff borrowers . . . received a fully completed copy of the disclosure statement in the absence of dispute as to the document's authenticity 'constitutes prima facie proof of delivery.'" Garza v. American Home Mort., No. CV F 08-1477 LJO-GSA, 2009 WL 1139594, at *3 (E.D. Cal., April 28, 2009)(citing Whitlock v. Midwest Acceptance Corp., 575 F.2d 652, 653 (8th Cir. 1978)).

Plaintiff alleges she has rebutted this presumption since she possesses "incorrect [NRCs]," and what she possess "could only come from the Defendants and[/]or their agents." (Compl. ¶ 37.)  This allegation is insufficient to rebut the presumption.  See Garza v. American Home Mort., 2009 WL 1139594 at *3 (stating "[c]onfronted with a prima facie case, [plaintiff-borrowers] [must] not rest on the allegation in their complaint [and] are 'required to offer some evidence in support of the allegation.'" (citing Whitlock, 575 F.2d at 653)); see also Basham v. Finance America Corp., 583 F.2d 918, 929 (7th Cir. 1978) (affirming TILA claim dismissal where plaintiff signed and acknowledged receipt of disclosures and failed to "rebut this presumption by filing an affidavit or otherwise pleading further").  Therefore, Defendants' motion on this TILA claim is granted.

Plaintiff also alleges Wilson Resources, Inc. violated TILA by failing to provide her with "certain disclosures." (Compl. ¶ 16.) Plaintiff alleges "Wilson Resources, Inc. was required to clearly and conspicuously disclose the 'amount financed' and the 'finance charge,' among other things, in connection with the loan." (Compl. ¶ 16.) Plaintiff also alleges Wilson Resources, Inc., Todd Wilson, and Deri Ross "failed to disclose all material facts related to the loan transaction regarding how the loan product worked, the negative aspects of the transaction and withheld information regarding the compensation they received." (Compl. ¶ 28.)  Aside from these allegations, Plaintiff merely repeats language from the TILA statute.

TILA defines "material disclosures" as "disclosures" of the following:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

15 U.S.C. § 1602 (u).  Defendants attached to their motion the Adjustable Rate Promissory Note ("ARPN"), otherwise herein referenced as the loan, and the HUD-1 Settlement Statement ("HUD-1 Settlement") referenced in Plaintiff's complaint at paragraph 71.  (Defs' Request for Judicial Notice, Ex. A, Ex. D.)  The HUD-1 Settlement concerns the finance fees associated with the ARPN.  Defendants argue these loan documents "belie each and every remaining fact alleged in [Plaintiff's] [c]omplaint."  (Defs' Mot. 3:11-12.)

The ARPN reveals Plaintiff signed the ARPN on July 29, 2005 for an amount of "$240,000.00 . . . plus interest" payable to Wilson

Resources, Inc. as Lender.  (Defs' Request for Judicial Notice, Ex. A.)  The "interest rate" and "interest rate change dates" sections of the ARNP set the interest rate at 1.000%, adjustable on September 1, 2005, and "on that date every month thereafter."  Under the Payment portion of the ARNP, the initial monthly payment is $771.93.  The maximum limit of the loan amount is 115% "of the Principle amount . . . originally borrowed."  The ARPN also contains the following preamble regarding the loan's negative amortization:

> THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPLE AMOUNT TO REPAY COULD BE THE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE MAXIMUM LIMIT STATED IN THIS NOTE.

The stated interest rate change for the ARPN is based on a "Twelve Month Average" Index, "calculated . . . by adding Two and 95/100 percentage point(s) 2.950% ('Margin') to the Current Index."  There are also sections in the ARPN discussing the "payment change dates," the "calculation of monthly payment changes," and additions to and limits on unpaid principal, required full payment, and payment options.  The HUD-1 Settlement sets forth settlement fees paid to Countrywide and to other loan servicers for the loan originated by Wilson Resources, Inc.  (Defs' Request for Judicial Notice, Ex. D.)

The disclosed information shows Defendants are entitled to judgment as a matter of law on this TILA claim; therefore, Defendants' motion on this claim is granted.

**II.  RESPA**

Plaintiff also alleges "Defendants have violated RESPA by paying fees, kickbacks, or other things of value to Defendant Wilson Resources, Inc. pursuant to an agreement or understanding that

business incident to or a part of a real estate settlement service involving federally related mortgage loans would be referred by Defendant Wilson Resources, Inc. to Defendant Countrywide Financial." (Compl. ¶ 54.) Plaintiff further alleges "Defendants have violated RESPA by giving or accepting a portion, split, or percentage or charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed . . . ." (Compl. ¶ 55.) Plaintiff essentially repeats language from the RESPA statute in these two allegations. Plaintiff further alleges that "Defendants have violated RESPA by attempting to create a transaction in which RESPA does not apply by use of fraud and circumvention by characterizing the loan transaction as a secondary market transaction when it truly is a table funded transaction by a mortgage broker thereby extracting secret profits from the consumer by failing to disclose the Yield Spread Premium to the Plaintiff." (Compl. ¶ 56.)

Defendants argue that Plaintiff's "nebulous" RESPA allegations "fail to identify any fees required by RESPA improperly disclosed on [Plaintiff's] HUD-1 Settlement Statement," and otherwise do "not present a cognizable theory." (Defs' Mot. 9:21-10:8.) Further, Defendants argue "even if [Plaintiff] could "identify improper fees in violation of RESPA," Plaintiff's RESPA claim is "barred by RESPA's one year statute of limitations" since the ARPN was consummated and the fees associated with the loan were settled no later than August 5, 2005; and "any [RESPA] claim for damages expired August 5, 2006." (Defs' Mot. 9:21- 10:22.) Defendants support this argument by showing the ARNP was consummated on August 1, 2005 and the HUD-1 Settlement, which concerns Plaintiff's settlement fees, was

1   executed on August 5, 2005.  (Defs' Request for Judicial Notice, Ex.

2   A, Ex. D.)   Plaintiff did not respond to Defendants' arguments

3   concerning her RESPA claim in her opposition.

4          Plaintiff's conclusory RESPA allegations fail to identify

5   any specific fee or kickback that was given or received by a

6   Defendant, and Plaintiff fails to state when these alleged violations

7   took place.  The statute of limitations for a RESPA claim is "one year

8   from the date of the occurrence of the violation." 12 U.S.C. § 2614;

9   Marcelos v. Dominguez, No. C 08-00056 WHA, 2008 WL 1820683, at *5

10  (N.D. Cal. April 21, 2008) (discussing the one year statute of

11  limitations under RESPA).  Plaintiff alleges "[o]n or about August 1,

12  2005," she entered the ARPN, which was "subject to a finance charge

13  . . . initially payable to Wilson Resources, Inc." (Compl. ¶ 15.)  Yet

14  Plaintiff waited until May 31, 2008 to file her complaint.  "Apart

15  from Plaintiff's legally conclusory allegations concerning a purported

16  violation of [RESPA], Plaintiff[] fail[s] to allege when the

17  prohibited fee or kickback was given [and] who gave it . . . . Absent

18  factual enhancement of Plaintiff['s] conclusory allegations, . . .

19  Plaintiff['s] cause of action for violation of [RESPA] is time

20  barred." Permpoon v. Wells Fargo Bank National Association, No 09-cv-

21  01140(BLM), 2009 WL 3214321, at *10 (S.D. Cal. September 29, 2009).

22  Therefore, Defendants' motion on Plaintiff's RESPA claim is granted.

23  **III. Supplemental Jurisdiction over Plaintiff's State Claims**

24          Plaintiff requests leave to amend, but this request is

25  denied since Plaintiff has not shown that amendment would cure the

26  defects in her federal claims.  Nor has Plaintiff shown that good

27  cause justifies amendment of the no further amendment provision in the

28  Status (Pretrial Scheduling) Order filed November 19, 2008 at this

late stage of the proceeding when the discovery completion date has passed. Eagle v. Am. Tel. & Tel. co., 769 F.2d 541, 548 (9th Cir. 1985)("agree[ing] with the district that the pretrial Status Conference Order precluded [Plaintiff] from raising a new theory of relief [without a showing of good cause] at the summary judgment stage.")

Since Plaintiff's federal claims have been resolved, the issue is reached whether the Court should continue exercising supplemental jurisdiction over Plaintiff's state claims.  Federal statute 28 U.S.C. § 1367(c)(3) prescribes a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has [resolved] all claims over which it has original jurisdiction . . ."  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [United Mine Workers v. Gibbs,] 383 U.S. 715 (1966) values "of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).  Since state courts have the primary responsibility to develop and apply state law, and the Gibbs values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Defendants' motion for judgment on the pleadings is **GRANTED** on Plaintiff's federal claims.  Plaintiff's state claims are dismissed

///

///

///

10

1  without prejudice under 28 U.S.C. § 1367(c)(3).

2  Dated:  October 16, 2009

3

4  _____
   GARLAND E. BURRELL, JR.
5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28